# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| SAMMIE L. BOOKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:08-CV-271 JVB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Sammie L. Booker, a *pro se* prisoner, is serving a 40-year sentence for convictions on

three counts of child molesting in Madison County Circuit Court. *State v. Booker*, 48C01-0112-

CF-398. He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The

respondent argues that the petition should be denied because Booker's claims are either

procedurally defaulted or fail on the merits. For the reasons stated below, the petition is denied.

## FACTS

In deciding this habeas petition, the court must presume the facts set forth by the state

courts are correct. 28 U.S.C. § 2254(e)(1). It is Booker's burden to rebut this presumption with

clear and convincing evidence. *Id.* On direct appeal, the Indiana Court of Appeals set forth the

facts surrounding Booker's offenses as follows:

> Felicia Chapman hired Booker to care for her two daughters---D., age seven and
> D.H., age six---in November 2001. On December 22, 2001, D. complained of a
> burning sensation when she urinated. The following day, D. was in severe pain, so
> Chapman's ex-husband took D. to the hospital. In the emergency room, a yellow
> vaginal discharge was noticed, and part of the discharge was taken as a sample to
> be tested. The laboratory reported that gonorrhea was present in the discharge. In
> response to some questions, D. told a treating nurse that "Sammie" had come into
> her bed at night. When the nurse asked D. if "Sammie" had touched her where he
> should not have, D. replied in the negative. However, a family case manager from

the Madison County Division of Family and Children---called by hospital personnel---interviewed D.D. [sic] told the case manager that Sammie---and no one else---had touched her private areas. Hospital personnel ran tests on D.H., which showed that she was infected with gonorrhea as well. Chapman, her husband, and Booker were tested for gonorrhea, but only Booker tested positive for the disease.

On December 26, 2001, Anderson Police Department Detective Heather McClain interviewed Booker. During the interview, which was videotaped, Booker admitted to Detective McClain that his finger may have "accidentally" entered D.'s or D.H.'s vagina while the girls wrestled with him. Booker, however, denied intentionally touching them inappropriately.

*Booker v. State*, 790 N.E.2d 491, 493 (Ind. Ct. App. 2003).

Booker was charged with three counts of child molesting, and following a jury trial at which the girls testified, the jury convicted Booker on all counts. *Id.* He was sentenced to an aggregate term of 40 years. *Id.* Booker appealed, arguing that the trial court erred in refusing to sever the charges involving the two girls; that the court erred in denying his request for the appointment of a child psychologist as a defense expert witness; and that his sentence was excessive. *Id.* at 494-97. The appellate court affirmed. *Id.* Booker filed a petition to transfer, which the Indiana Supreme Court denied. (DE 6-2.)

On December 22, 2003, Booker filed a petition for post-conviction relief, which he later amended. *Booker v. State*, No. 48A05-0609-PC-534 (Ind. App. Ct. Apr. 16, 2008), slip op. at 4. In the post-conviction proceedings, Booker asserted claims of ineffective assistance of trial and appellate counsel on numerous grounds, as well as claims of prosecutorial misconduct and invalidity of the warrant that compelled him to undergo testing for gonorrhea. (DE 6-7.) Following an evidentiary hearing, the trial court denied the petition. (*Id.*) Booker appealed. The Indiana Court of Appeals concluded that Booker had waived his claims of prosecutorial misconduct and invalidity of the warrant by not raising them at trial or on direct appeal, and that

his ineffective assistance claims lacked merit. *Booker*, No. 48A05-0609-PC-534, slip op. at 8-23. Accordingly, the court affirmed the denial of post-conviction relief. *Id.* at 23. Booker did not file a petition to transfer with the Indiana Supreme Court. (*See* DE 6-4.)

On June 3, 2008, Booker filed this federal habeas petition raising the following claims: (1) trial counsel was ineffective for numerous reasons; (2) appellate counsel was ineffective in failing to raise certain arguments on direct appeal; (3) the prosecutor committed misconduct in various ways; and (4) the warrant requiring him to undergo testing for gonorrhea was invalid. (DE 1.)

## ANALYSIS

This petition is governed by the provisions of the Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim---
>> (1) resulted in a decision that was contrary to, or involved an unreasonable
>> application of, clearly established Federal law, as determined by the
>> Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination
>>        of the facts in light of the evidence presented in the State court
>> proceeding.

Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis*

*v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on

concerns of comity; the state courts must be given the first opportunity to address and correct

violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999);

*Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful,

the petitioner must fairly present his constitutional claims in one complete round of state review.

*Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845.

The companion procedural default doctrine, also rooted in comity concerns, precludes a

federal court from reaching the merits of a habeas petition when either: (1) the claim was

presented to the state courts and was denied on the basis of an adequate and independent state

procedural ground; or (2) the claim was not presented to the state courts and it is clear those

courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501

U.S. 722, 735 (1991); *Perruquet*, 390 F.3d at 514. When a habeas petitioner fails to fairly

present his claim to the state courts and the opportunity to raise that claim has now passed, the

claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853-54.

Here, the respondent argues that all of Booker's claims are procedurally defaulted

because he did not raise them in one complete round of state review. (DE 7 at 8.) The court

agrees. The record reflects that Booker raised the claims contained in his habeas petition in the

state post-conviction proceedings, but he did not file a petition to transfer with the Indiana

Supreme Court. (*See* DE 6-4.) Because he did not raise these claims in one complete round of

state review, the claims are procedurally defaulted.[1] *Boerckel*, 526 U.S. at 848 (a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has not properly presented his claims to the state courts); *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001) (petitioner who failed to raise his claims in a petition to transfer with the Indiana Supreme Court procedurally defaulted those claims).

Booker filed a traverse and numerous other documents in support of his petition, but he does not assert any basis for this court to excuse his procedural default, and instead focuses on the merits of his claims. (*See* DE 16; *see also* DE 19, 22, 24.) Because the claims are procedurally defaulted, the Court is precluded from reaching them on the merits in this proceeding.

For these reasons, the petition (DE 1) is **DENIED.**

**SO ORDERED** on February 3, 2010.

 s/  Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division

---

[1] The court notes that claims three and four are procedurally barred for the additional reason that the Indiana Court of Appeals found them to be waived. *Booker*, No. 48A05-0609-PC-534, slip op. at 9. A federal habeas court will not review a federal claim on the merits if the state court rejected the claim on an adequate and independent state ground. *Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009). A finding of waiver by the state court is considered an adequate and independent state ground. *Id.*